```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| OSCAR DEJESUS,                                      | No. 19-cv-4666 (NLH) (JS) |
|-----------------------------------------------------|---------------------------|
|       Plaintiff,      |                           |
|   v.                                      | OPINION                   |
| THOMAS RUCCI, J. TALLERICO, and AKKE ALISON,        |                           |
|       Defendants.     |                           |

APPEARANCE:
Oscar DeJesus, No. 45820
Cape May County Correctional Center
4 Moore Rd.
Cape May Court House, NJ 08210
    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Oscar DeJesus, a prisoner presently confined at the Cape May County Correctional Center in Cape May Court House, New Jersey, seeks to bring a claim pursuant to 42 U.S.C. § 1983, against Defendants Sergeant Corrections Officer Thomas Rucci, Corrections Officer J. Tallerico, and Middle Township Police Officer Akke Alison centered upon and interrogation that occurred while Plaintiff was being processed into the Cape May County Jail after arrest. See ECF No. 1.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon

which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the Complaint for failure to state a claim, with leave to amend granted. 28 U.S.C. § 1915A.

BACKGROUND

Plaintiff alleges that on September 8, 2014, he was arrested and transported to the Cape May County Jail Facility where he was being processed for intake. ECF No. 1 at 8. Defendant Tallerico was the processing officer in charge of his intake. Id. Plaintiff alleges that Defendant Tallerico initiated an interrogation of Plaintiff in violation of his rights after he had already invoked his right to remain silent and his right not to answer questions without the presence of his lawyer. Id. at 11. In addition, Plaintiff alleges that Defendant Tallerico disregarded the directive of his superior, Defendant Rucci, to terminate the interrogation. Plaintiff also alleges that Defendant Alison possessed the power to prevent the interrogation and the statements it elicited because it was reasonably foreseeable that an incriminating statement might result from the comments made by Defendant Tallerico to Plaintiff. Id. at 12.

Plaintiff states that the incriminating statements were utilized at his grand jury hearing, after which he was indicted.

Id. Plaintiff attaches to his Complaint various documents including his police report, the correctional officers' reports, transcript of his intake processing, and transcript from his suppression hearing. According to the suppression hearing transcript, the statements made by Plaintiff as a result of the custodial interrogation during his intake were suppressed. ECF No. 1 at 70. It does not appear that Plaintiff has gone to trial on his criminal charges, as Plaintiff identifies himself as a pre-trial detainee.

STANDARD OF REVIEW

Section 1915A requires a court to review complaints prior to service in cases in which an incarcerated plaintiff seeks redress from a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915A because Plaintiff is incarcerated and seeks redress from governmental entities.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMS Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

DISCUSSION

Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted. In order to state a claim pursuant to 42 U.S.C. § 1983, the plaintiff must show that "'(1) the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" Calhoun v. Young, 288 F. App'x 47, 49 (3d Cir. 2008) (quoting Robb v. City of Phila., 733 F.2d 286, 290-91 (3d Cir. 1984)).

The failure of a state actor to provide proper Miranda warnings during custodial interrogation, or to provide a lawyer during interrogation once one is requested, does not, in and of itself, give rise to a claim under § 1983. See Chavez v. Martinez, 538 U.S. 760, 773 (2003); Giuffre v. Bissell, 31 F.3d

4

1241, 1256 (3d Cir. 1994) ("violations of the prophylactic Miranda procedures do not amount to violations of the constitution itself . . . the 'right to counsel' during custodial interrogation recognized in Miranda . . . is merely a procedural safeguard, and not a substantive right"); Renda v. King, 347 F.3d 550, 557 (3d Cir. 2003) (upholding Giuffre). A Miranda claim only becomes actionable under § 1983 when a statement elicited in the absence of those warnings is used at Plaintiff's criminal trial. Chavez, 538 U.S. at 773; see also Large v. Cnty. Of Montgomery, 307 F. App'x 606, 607 (3d Cir. 2009).

To state a claim for relief, Plaintiff must allege that the Defendants violated Miranda and that the statements elicited were then introduced at trial, thus violating Plaintiff's right against self-incrimination. Large, 307 F. App'x at 607; Renda 347 F.3d at 559. Here, there is no allegation that the alleged incriminating statements that resulted from the interrogation during intake were used at Plaintiff's trial; indeed, it appears that Plaintiff has not yet proceeded to trial in his criminal case. Furthermore, that the statement will be introduced at trial seems highly unlikely because it has been suppressed. As such, Plaintiff has failed to state a claim upon which relief may be granted.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  The Court will grant leave to amend to the extent that he can cure his pleading deficiencies as described supra.

CONCLUSION

For the reasons stated above, the Complaint is dismissed without prejudice for failure to state a claim, with leave to amend granted.  An appropriate order follows.


Dated: February 11, 2019        s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.